UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWIN JAIR RESTREPO TORRES,

Petitioner,

v. Case No.: 2:26-cv-02599-SPC-NPM

DAVID VENTURELLE *et al*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Edwin Jair Restrepo Torres's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 3), and Restrepo Torres's reply (Doc. 4).

Restrepo Torres is a native of Colombia who lawfully entered the United States on December 9, 2020, with a B-2 visa. He applied for asylum and withholding of removal on July 21, 2023, and he has work authorization, a social security number, and a Florida driver's license. He currently resides in Florida with his wife and two U.S. citizen children. Restrepo Torres has no criminal history. On August 6, 2026, Immigration and Customs Enforcement (ICE) officers arrested Restrepo Torres during a traffic stop and commenced removal proceedings by issuing a notice to appear. He is currently detained at Glades County Detention Center.

Immigration Judge Liviu Lungu conducted a custody redetermination hearing on September 2, 2026, and denied bond with a two-word order: "Flight risk." (Doc. 3-4 at 1). In his habeas petition, Restrepo Torres claims his detention violates the Due Process Clause of the Fifth Amendment because he did not receive a meaningful, individualized bond hearing.

In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). So does Restrepo Torres. He does not ask the Court to reweigh evidence or otherwise review Judge Lungu's exercise of discretion. Rather, he presents a bona fide Fifth Amendment claim that the government took away his liberty without due process. The government's response contains no due process analysis, nor does it contest Restrepo Torres's characterization of the hearing. Instead, the government rests on the fact that a bond hearing was held.

Because Restrepo Torres's due process claim presents a live controversy that falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence

here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it."

*Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. Immigration Judge Lungu's generic order reflects no consideration of the evidence or analysis of factors relevant to risk of flight. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Restrepo Torres's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Edwin Jair Restrepo Torres's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Restrepo Torres and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record